# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CSX TRANSPORTATION, INC.,

      Plaintiff,

                                                   CASE NO. 3:12-cv-713-J-34TEM

vs.

JASON E. BLAKESLEE, JENNIFER A.
BLAKESLEE, and BLAKESLEE
PREMIUM PELLETS,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

      This matter is before the Court on referral by the Honorable Marcia Morales Howard for a report and recommendation on Defendant' Motion to Dismiss for Improper Venue and Forum Non Conveniens or Alternatively to Transfer or Stay Plaintiff's Amended Complaint (Doc. #10, "Motion to Dismiss").  Plaintiff opposed the sought relief  (Doc. #15, Opposition). On October 24, 2012, the undersigned held a telephonic hearing for argument and to ascertain the status of this case in light of the summary judgment recently entered in a parallel proceeding in the District of Connecticut.

      Upon consideration of the parties' positions and the relevant case law, the undersigned finds venue is proper in this district and a forum selection clause at issue is

_____

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

due to be enforced.[2]  Thus, for the reasons stated herein, the undersigned respectfully recommends the Motion to Dismiss be denied and Defendants be directed to answer the Amended Complaint (Doc. #6, "Amended Complaint").

## Background

In June 2008, CSX Transportation, Inc. ("CSXT"), and Blakeslee Premium Pellets ("Blakeslee Pellets") entered into a credit agreement for rail freight transportation services provided by CSXT.  Amended Complaint at Ex. A.  Jason E. Blakeslee completed the electronic Credit Agreement application, reported Blakeslee Pellets was a partnership, reported himself as owner of Blakeslee Pellets, and entered into the Credit Agreement on behalf of Blakeslee Pellets.  The Credit Agreement provides that lawsuits for nonpayment of charges shall be litigated only in a state or federal court in Duval County, Florida.  *Id.* CSXT is headquartered in Jacksonville, Duval County, Florida.   During the months of August through November 2008, CSXT moved twenty-four shipments of rail freight from various locations in the United States to the Blakeslee Pellets' place of business in Middletown, Connecticut.  The charges for each shipment were placed on the Blakeslee Pellets' line-of-credit created by the Credit Agreement.   Rail freight charges totaling $177,533.56 have not been paid.  *See* Motion to Dismiss, Attach. to Ex. 1.

In February 2009, CSXT filed an action in the United States District Court for the District of Connecticut ("the Connecticut Court") against an entity known as the Blakeslee Group, Inc. ("BGI"), seeking to recover its unpaid freight charges pursuant to 49 U.S.C. §

---

[2]As the Motion to Dismiss falls within the ambit of Rule 12(b)(3), the Court may consider materials outside the pleadings without converting the motion to dismiss to a motion for summary judgment.  *See Liles v. Ginn-La West End, Ltd.*, No. 3:08-cv-1217-J-34JRK, 2010 WL 5671779, *1 n.5  (M.D. Fla. Mar. 31, 2010) (citations omitted).

11101 (hereafter referred to as "the BGI action").  *CSX Transp. Inc. v. The Blakeslee Group, Inc.*, Civ. Action No. 3:09-cv-296-MRK (D. Conn. Feb. 18, 2009).[3]  CSXT sought and obtained entry of default judgment in the amount of $177,533.56 against BGI when it failed to respond to the complaint.  *See id.* (Judgment entered Jul. 6, 2009).

In April 2011, CSXT commenced an action court against Jason Blakeslee, Jennifer Blakeslee ("the Blakeslees") and Blakeslee Premium Pellets ("Blakeslee Pellets") in the Connecticut Court, seeking recovery on its judgment against BGI on corporate shareholder liability claims recognized under Connecticut corporate law.  *See CSX Transp. Inc. v . Blakeslee*, Civ. Action No. 3:11-cv-533-SRU (D. Conn. Apr. 6, 2011).[4]  The original complaint asserted claims for failure to pay rail common carrier freight charges under 49 U.S.C. § 11101 and for breach of contract.  In an amended complaint, CSXT dropped the breach of contract claim, dropped Blakeslee Pellets as a party and asserted only fraud as a cause of action.  In the second amended complaint, CSXT named only the Blakeslees as defendants and asserted fraudulent misrepresentation and piercing the corporate veil claims.  In the third, and final, amended complaint, filed in November 2011, CSXT again named only the Blakeslees as defendants, but only asserted piercing the corporate veil of BGI as its cause of action.  Both sided filed motions for summary judgment in February 2012.

---

[3]A copy of the 2009 complaint in the BGI action may be found in the record of this case at Motion to Dismiss, Ex. 1.

For authorized users, records pertaining to the related actions in the Connecticut Court may be found also at the PACER website for Public Access to Electronic Court Records.  *See* https://pacer.login.uscourts.gov/cgi-bin/login.pl (last visited 10/31/2012).

[4]Hereafter referred to as "the 2011 Connecticut case." A copy of the Third Amended Complaint in the 2011 Connecticut case may be found at Motion to Dismiss, Ex. 4.

In the months June and July 2012, CSXT replaced its attorney in Connecticut, filed this case in the Middle District of Florida, and moved to stay the 2011 Connecticut case.[5] The motion to stay was promptly denied. *Id.*

In August 2012, the Blakeslees filed a counterclaim in the 2011 Connecticut case, alleging CSXT damaged the product it transported on behalf of Blakeslee Pellets. The Blakeslees sought to set-off of the costs of the damaged freight against the incurred freight charges.

On September 11, 2012, the Honorable Stefan R. Underhill, United States District Judge, in the District of Connecticut, entered an order granting the Blakeslees' motion for summary judgment on the veil piercing claim and denying CSXT's motion for summary judgment.[6]  The Blakeslees subsequently moved to dismiss their counterclaim, which was quickly granted.  Upon entry of Judgment on September 25, 2012, the 2011 Connecticut case was closed.

The case before this Court was filed on June 22, 2012 by CSXT against the Blakeslees and Blakeslee Pellets, alleging breach of contract by each of the parties (Doc. #1, Complaint).  Prior to any response, CSXT amended its complaint to insert additional factual allegations.  *See generally*, Amended Complaint.  Defendants' Motion to Dismiss was filed on July 23, 2012.  CSXT alleges that each of the named Defendants is jointly and severally liable for breach of the Credit Agreement that Jason Blakeslee electronically

---

[5]*See* Doc. #16, Defendants' Notice of Supplemental Authority, at 5-12 (Docket Sheet of 3:11-cv-00533-SRU, the 2011 Connecticut case).

[6]A copy of Judge Underhill's Ruling on Cross-Motions for Summary Judgment may be found in the record of this case at Doc. #18-1 ("Judge Underhill's Ruling").

signed and submitted on June 20, 2008.  Amended Complaint at Ex. A.

At differing points in discovery during the 2011 Connecticut case, Jason Blakeslee claimed BGI incurred the rail freight charges, but changed his position and stated that the corporation, BGI, was not responsible for the rail freight charges --- but rather, the freight charges were incurred by the Blakeslees' general partnership known as "Blakeslee Premium Pellets." *See* Judge Underhill's Ruling at 3-4; Plaintiff's Opposition at 2-3. Nonetheless, it is not disputed that the credit with CSXT was sought by Jason Blakeslee on behalf of Blakeslee Pellets.

The nature of the business entity under which Blakeslee Pellets operates is unclear. Judge Underhill concluded Blakeslee Pellets was an unincorporated entity with Jason Blakeslee as the sole proprietor of the business.  Judge Underhill's Ruling at 1, 2 n.2.  In his completion of the Credit Agreement with CSXT, Jason Blakeslee identified Blakeslee Pellets as a partnership.  In the Amended Complaint, Jennifer Blakeslee is identified as a partner with Jason Blakeslee in Blakeslee Pellets. *See* Amended Complaint, ¶¶ 5-6.  This factual dispute, however, is not relevant to the Court's analysis of the Motion to Dismiss.

**Standard of Review**

At a minimum, the complaint "must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).  Case law has established that the complaint must state plausible claims established by factual allegations sufficient "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556; *see also, Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010).  A complaint will have "facial plausibility" when a plaintiff pleads

factual content sufficient for the reviewing court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citing to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the Amended Complaint has facial plausibility.

As there is no challenge to the adequacy of the Amended Complaint, the Court limits its analysis to the raised issues of *forum non conveniens* and improper venue.[7]

**Motion to Dismiss or Transfer for Improper Venue**

In this instance, Defendants seek dismissal, or transfer, of the case based on the locale of the Court. Defendants ask this Court to ignore the forum selection clause in the contract that was allegedly breached and to dismiss or transfer this case due to extraneous circumstances. The Eleventh Circuit has held that "motions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). In this case, however, the Motion to Dismiss is not based on seeking enforcement of the forum selection clause, which establishes the proper forum only exists within Duval County, Florida, but is based on Plaintiff's prior actions outside the terms of the clause. *Compare Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (in which the Court found 28 U.S.C. § 1404(a) controls the request of a party in a diversity suit to give effect to a contractual forum selection clause by transferring the action) *with* Defendants' Motion to Dismiss (in which Defendants request

_____

[7]During the course of the October 24, 2012 telephonic hearing, counsel for the parties acknowledged the request to stay this action became moot upon the entry of Judgment in the 2011 Connecticut case. Defendants continue to request this case be dismissed or transferred to the District of Connecticut.

the Court decline to give effect to the forum selection provision and transfer the case based on other factors). Nonetheless, the undersigned finds the law governing consideration of whether to enforce the terms of a choice of forum contract provision is properly applied to the facts of this case.

Defendants' Motion to Dismiss challenges precisely whether this Court should give effect to the forum selection clause in the parties' Credit Agreement. Forum selection clauses should be respected "so long as there is no proof that its provisions will put one of the parties to an unreasonable disadvantage and thereby subvert the interests of justice." *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3rd Cir. 1966); *see also Lipcon*, 148 F.3d at 1290 (citing *Central Contracting Co.,* 367 F.2d at 345, with approval). "[T]the 'best' forum is not the test for venue and the court is required to weigh the plaintiff's choice of venue heavily." *Amchem Products, Inc. v. GAF Corp.* 64 F.R.D. 550, 552 (N.D. Ga.1974) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

Normally agreement to forum selection in a contract is binding, particularly if the selection forum clause is mandatory in language. *See LFR Collections LLC v. Taylor*, No. 8:11-cv-1117-T-24EAJ, 2011 WL 4736360, at *2-3 (M.D. Fla. Oct. 7, 2011). The forum selection clause in this case uses mandatory language, stating that the customer applying for credit with CSXT "agrees any lawsuit for non-payment of charges shall be litigated ONLY in state or federal courts having situs in Duval County, Florida, and hereby accepts and consents to jurisdiction and venue in any such court." Amended Complaint at Ex. A (emphasis in original).

"The party seeking to avoid the forum-selection clause bears 'a heavy burden of proof.'" *Liles,* 2010 WL 5671779 at *2 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407

U.S. 1, 17, 19 (1972)).    Forum selection clauses are presumptively valid, absent a

determination greater weight should be given other considerations.  *Slater v. Energy Svcs.*

*Group Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (citations omitted).  Four factors have

been distilled from *M/S Bremen* for determining whether a choice of forum clause should

be upheld.  *See Liles,* 2010 WL 5671779 at *2 (citing *Lipcon*, 148 F.3d at 1292, 1295-96).

Known as "the *Bremen* test," forum selection clauses will be found unenforceable only if:

> (1) their formation was induced by fraud or overreaching; (2) the plaintiff
> effectively would be deprived of its day in court because of the inconvenience
> or unfairness of the chosen forum; (3) the fundamental unfairness of the
> chosen law would deprive the plaintiff of a remedy; or (4) enforcement of
> such provisions would contravene a strong public policy.

*Lipcon*, 148 F.3d at 1296 (citations omitted).

In this case, Jason Blakeslee  accessed and completed the electronic application

for a credit account with CSXT.  Amended Complaint at Ex. A.  No fraud or overreaching

in making this agreement has been alleged or is found by the Court.  Both sides will have

their day in court if the breach of contract litigation remains in this Court. Litigation in this

Court, however, certainly causes no unfairness or inconvenience to Plaintiff as this Court

falls within the forum of choice.  Defendants might be personally inconvenienced to have

to defend a lawsuit away from their place of residence.  However, it appears Defendants

conduct business across the United States and with modern transportation modes the

personal inconvenience would be minimal.  *See, e.g., Robinson v. Giarmarco & Bill, P.C.,*

74 F.3d 253, 259 (11th Cir. 1996)*; H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.*, 296

F.Supp. 2d 234, 240-41 (D. Conn. 2003).  Any inconvenience to Defendants is overcome

by Jason Blakeslee's agreement to resolve any disputes over nonpayment of freight

charges in a state or federal court in Duval County, Florida.  Having background knowledge

of these parties might weigh slightly in favor of transferring the case to the Honorable Stefen Underhill at the District of Connecticut, with his permission, but that knowledge does not necessarily create judicial economy.   Moreover, enforcement of the forum selection provision does not run afoul of public policy, but in fact supports it.   *See Lipcon*, 148 F.3d at 1291-92, 1295-96; *Slater*, 634 F.3d at 1331-32.

Whether the forum selection clause was freely negotiated is a factor that impacts the Court's analysis.   *See Liles*, 2010 WL 5671779 at *3.   Here, the choice of forum provision was set forth in the Credit Agreement application completed by Jason Blakeslee.   Thus, the Court must look to the "reasonable communicativeness" of the clause.   *See id.* (citing *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)).   The "two-part test of reasonable communicativeness . . . takes into account the clause's physical characteristics and whether the [challenging party] had the ability to become meaningfully informed of the clause and to reject its terms."   *Id.*  On the facts of this case, the Court finds the reasonable communicativeness test was satisfied.   The Credit Agreement is only two pages in length.   The forum selection clause is set apart by a separate paragraph toward the end of the agreement.   The clause is easy to read and the word ONLY, which precedes the locale for any lawsuit, is emphasized by bold letters in all caps.   Overall, the font in this paragraph is the same as used in the other paragraphs of the Credit Agreement; thus the clause is not hidden or minimized in any way.

In this case, as in *Amchem Products, Inc.*, the Court finds the parties and the cause of action are sufficiently related to this jurisdiction and that venue is proper in this Court. *See Amchem Products, Inc.,* 64 F.R.D. at 552.

Defendants urge the Court to find CSXT waived its choice of forum by filing two

9

lawsuits in the District Court of Connecticut.  Defendants have not presented any authority to support this waiver argument.

While the Connecticut lawsuits pertain to the same set of operative facts, the actions were either brought or litigated under different theories of liability.  As noted above, CSXT first sued the Blakeslee Group, Inc., to collect on past due freight charges under 49 U.S.C. § 11101.  That case ended in default judgment and CSXT ended up proceeding against the Blakeslees individually in an effort to pierce the corporate veil of BGI.  That case ended with summary judgment in favor of the Blakeslees.  Thus, the merits of any breach of contract as to the Credit Agreement has yet to be considered by a court.  On these facts, the Court does not find CSXT has waived the terms of its forum selection clause.

Defendants also argue because "the parties previously chose Connecticut as the controlling jurisdiction, venue in this Court is improper and the Court should dismiss this action under 28 U.S.C. § 1406(a)."  Motion to Dismiss at 5.  The Court disagrees.  In pertinent part, section 1406 specifies:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
> (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

28 U.S.C.A. § 1406.

The Court finds no basis for dismissal in this statute.  This breach of contract action was appropriately filed in this Court.  Venue here is proper.  No obvious interest of justice would be served by transferring the action to another district, even if that district court would have some familiarity with the parties and their positions.  This case is approximately

Case 3:12-cv-00713-MMH-TEM   Document 21   Filed 11/02/12   Page 11 of 15 PageID 177

five months old and will be at the same stage of pretrial litigation regardless of where it is heard.

The fact that Plaintiff sought first to collect its delinquent freight charges from Defendants in their own backyard does not, without more, substantiate a waiver of Plaintiff's right to sue for breach of contract in the forum set forth by the Credit Agreement, nor does such action necessarily invalidate the forum selection clause. The question is not which court has the jurisdiction to hear the parties' dispute over the outstanding $177,533.56. Clearly diversity jurisdiction lies both in the District of Connecticut and the Jacksonville Division of the Middle District of Florida. The question is whether enforcement of the forum selection clause in this breach of contract action is "unreasonable under the circumstances." *Lipcon*, 148 F.3d at 1295 (citations omitted). The Court answers that question in the negative; it is not unreasonable under the circumstances to uphold the choice of forum spelled out in the Credit Agreement.

Defendants alternatively request the Court to transfer this case to the District of Connecticut for further proceedings. In the interest of justice, and for the convenience of parties and witnesses, a district court may transfer a civil action to any other district court in which the action might have been originally brought, or to which all parties have consented. 28 U.S.C. § 1404(a). Defendants assert that discovery in the 2011 case was complete and the matter was ready for trial. Motion to Dismiss at 3. It is reasonable to find at least some of that discovery will be applicable to this case. It is also reasonable to believe Judge Underhill's familiarity with CSXT and the Blakeslees, and their counsel, might prove valuable if this case were to be transferred. At the hearing on October 24, 2012, Defendants indicated they may have four to six witnesses, including the Blakeslees, who

11

reside in Connecticut.  Plaintiff's primary witness is in Jacksonville and other witnesses have not been determined.  On balance, finding the choice of forum provision has not been waived and is enforceable under the *Bremen* test, the undersigned believes the interests of justice weigh in favor of retaining this case in the Jacksonville Division of the Middle District of Florida.

**Forum Non Conveniens**

Recognizing that the Florida Supreme Court has adopted the federal law of *forum non conveniens*, the Eleventh Circuit has held dismissal on this basis is appropriate only when:

> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties; (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289 -1290 (11th Cir. 2009) (citations omitted). Here, albeit it a somewhat close call, those interests weigh in favor of this Court proceeding on this case.  In seeking dismissal or transfer of a case on the basis of *forum non conveniens*, the defendant "bears a heavy burden in opposing the plaintiff's chosen forum."  *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009).

Obviously, an adequate alternate forum exists in the District Court of Connecticut, which would have jurisdiction over the whole case.  In fact, as residents of Connecticut, that court clearly would have personal jurisdiction over both individual defendants.  In this

12

action, some question may exist as to whether this Court has personal jurisdiction over Defendant Jennifer Blakeslee.  That issue, however, is not raised in the Motion to Dismiss or the Opposition.  Thus, the Court will not delve into whether Florida's long-arm statute may reach Jennifer Blakeslee.[8]

As to the private factors, the Blakeslees cite to personal convenience to dismiss the case or transfer it to the Connecticut court.  There is a presumption, however, that a case be heard in the plaintiff's choice of forum, and this choice is entitled to deference.  *See Wilson*, 590 F.3d at 1269.  The Blakeslees also point out that discovery relevant to this case has already been conducted in the 2011 Connecticut case.  Although those discovery materials may be relevant to this action, nothing in the record suggests transferring this case  to the Connecticut court would create easier access or use of that discovery than if the case remains here.  Moreover, there has been no suggestion witness availability would be affected by the chosen forum.  Private factors do not weigh in favor of litigating this case elsewhere.  *See id.* at 1270 ("the plaintiff['s] choice of forum should rarely be disturbed unless the balance is strongly in favor of the defendant" (citation omitted).

---

[8]While the "mere fact" a defendant enters into a contract with a plaintiff in another state is not sufficient, in and of itself, to establish personal jurisdiction in the plaintiff's state, other factors exist that will demonstrate personal jurisdiction.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-80 (finding personal jurisdiction over the defendant who reached out to the plaintiff in Florida, entered into a long-term contract with the plaintiff that required continuing and wide-reaching contacts with the plaintiff). In this case Blakeslee Pellets "reached out" to CSXT to establish an on-going business relationship.  The financial terms of that relationship are stated in the Credit Agreement, which sets forth Duval County, Florida as the situs for any lawsuits and Florida law as controlling.  During 2008, Blakeslee Pellets contracted with CSXT in Jacksonville, Florida to transport at least twenty-four shipments on CSXT's railways.  These facts substantiate the Court's jurisdiction over Blakeslee Pellets and Jason Blakeslee as either a general partner or the sole proprietor of that business.

Public considerations tip the balance of the scales in favor of leaving this case in Jacksonville. It does not appear that the District of Connecticut was called upon to consider the forum selection clause in the Credit Agreement during any of its proceedings. The inequities and problems that might be seen with parallel proceedings disappeared with the resolution of the Connecticut cases. Moreover, those proceedings focused on BGI as the involved business entity, whereas this case is focused on Blakeslee Pellets.

If the case is dismissed by this Court, *it does not appear* there would be any procedural hurdle that would preclude CSXT from re-filing the action in the District of Connecticut. However, having found the first three factors of a *forum non conveniens* test support the retention of this case in the Jacksonville Division, the Court need not determine the applicability of the fourth factor enumerated above.

## Conclusion

The two cases in Connecticut only resolved that there was no basis to pierce the corporate veil of Blakeslee Group, Inc., so as to enforce the default judgment in the BGI action against Jason and Jennifer Blakeslee individually. There has been no litigation on the merits of an alleged breach of contract between Blakeslee Pellets and CSXT. Although some discovery may have taken place in the 2011 Connecticut action that tangentially touches upon this issue, such discovery remains with the parties and can easily be used in the case before this Court.

For the aforementioned reasons, the undersigned respectfully recommends Defendants' Motion to Dismiss be **DENIED**.

14

**DONE AND ENTERED** at Jacksonville, Florida this 2<u>nd</u> day of November, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

The Hon. Marcia Morales Howard

Counsel of Record