**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                Case No.  3:12-cv-713-J-34TEM

JASON E. BLAKESLEE, as partner for
Blakeslee Premium Pellets, JENNIFER A.
BLAKESLEE, as partner for Blakeslee
Premium Pellets, and BLAKESLEE
PREMIUM PELLETS,

        Defendants.

_____/

# O R D E R

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 21;

Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on

November 2, 2012.  In the Report, Magistrate Judge Morris recommends that the Court deny

Defendants' Motion to Dismiss for Improper Venue and Forum Non Conveniens or

Alternatively to Transfer or Stay (Doc. 10; Motion).  On November 7, 2012, Defendants filed

Defendants' Objection to Report and Recommendation as to Motion to Dismiss for Improper

Venue and Forum Non Conveniens (Doc. 22; Objections), to which Plaintiff responded.  See

Plaintiff's Response to Defendants' Objection to Report and Recommendation as to Motion

to Dismiss for Improper Venue and Forum Non Conveniens (Doc. 23; Response to

Objections), filed November 21, 2012.  Accordingly, this matter is ripe for review.

## I.      Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

## II.     Background

Plaintiff initiated this action on June 22, 2012, by filing a three-count Complaint (Doc. 1) against Jason Blakeslee, Jennifer Blakeslee, (the Blakeslees) and Blakeslee Premium Pellets (the Partnership). See generally Complaint. On June 28, 2012, Plaintiff filed an Amended Complaint (Doc. 6) asserting claims for breach of contract against the Partnership, and the Blakeslees, as the alleged members of the Partnership. See generally Amended Complaint. According to the Amended Complaint, Plaintiff entered into a Credit Agreement, id., Ex. A, with the Partnership on June 20, 2008, whereby the Partnership agreed to pay Plaintiff to transport rail freight from various locations in the United States to the Partnership's place of business in Connecticut. Id. at 3. Plaintiff asserts that Defendants failed to make payments pursuant to the Credit Agreement. See id. Significantly, the Credit Agreement contains a forum-selection clause which states: "any lawsuit for non-payment of charges shall be litigated ONLY in state or federal courts having situs in Duval County,

2

Florida." See id., Ex. A at 2.  Accordingly, Plaintiff filed this breach of contract action in the Jacksonville Division of the United States District Court for the Middle District of Florida.  See Amended Complaint at 2, 4-5.

Prior to bringing the instant lawsuit, in February 2009, Plaintiff filed a lawsuit in the United States District Court for the District of Connecticut, against the Blakeslee Group, Inc. (BGI) for the recovery of the unpaid freight charges under 49 U.S.C. § 11101 (2009 Action). See Motion, Ex. 1.  After obtaining a default judgment against BGI, Plaintiff filed a lawsuit in the same court on April 6, 2011, and in its third amended complaint, asserted an action against the Blakeslees to pierce the corporate veil of BGI (2011 Action).  Id., Ex. 4.  On September 11, 2012, the Connecticut Court entered an order granting summary judgment in favor of the Blakeslees and against Plaintiff.  See Plaintiff's Notice of Supplemental Authority in Opposition to Defendants' Motion to Dismiss Based Upon the Recent Ruling by the U.S. District Court in Connecticut (Doc. 18), Ex. A.  The Clerk of the Court entered Judgment in that action on September 25, 2012, and the case is now closed.

In the instant Motion, Defendants request that the Court dismiss this case for improper venue under 28 U.S.C. § 1406(a), or transfer the action to the United States District Court for the District of Connecticut based on the principle of forum non conveniens or 28 U.S.C. § 1404(a).  See Motion at 1.[1]  Plaintiff opposes the Motion.  See Plaintiff CSX Transportation, Inc.'s Memorandum of Law in Opposition to Defendants' Motion to Dismiss or, In the Alternative, to Transfer or Stay This Matter (Doc. 15; Response), filed August 9,

---

[1]     Defendants alternatively request that the Court stay the case pending resolution of the related litigation in Connecticut.  See Motion at 6-7.  However, as that litigation has concluded, the parties agree that Defendants' request for a stay is moot.  See Report at 6 n.7.

2012.  In the Report, the Magistrate Judge finds that Defendants' request for dismissal of this action under § 1406(a) for improper venue is due to be denied.  <u>See</u> Report at 10-11.  Specifically, Magistrate Judge Morris determines that the forum-selection clause is valid and enforceable, and that Plaintiff did not waive its right to enforce the clause.  <u>Id.</u> at 8-11.  In addition, upon consideration of the interests of justice and the convenience of the parties and witnesses, Judge Morris recommends that the Court deny Defendants' request for the transfer of this case.  <u>Id.</u> at 11-14.

## III.    Summary of the Arguments

In the Objections, Defendants argue that Plaintiff waived its right to enforce the forum-selection clause because Plaintiff's "substantial invocation of the litigation process in Connecticut" demonstrates an intent to abandon this right.  <u>See</u> Objections at 1.  In support, Defendants maintain that, contrary to the Magistrate Judge's finding, "the Credit Agreement and its enforcement was [sic] extensively litigated in Connecticut . . . ."  <u>Id.</u> at 1-2.  Second, Defendants contend that the Magistrate Judge failed to "properly balance the factors" under 28 U.S.C. § 1404(a).  <u>Id.</u> at 2.  Defendants assert that "the fact that Jennifer Blakeslee is not a party to the Credit Application, and the fact that CSX's initial forum choice was Connecticut, substantially outweighs enforcement of the Florida forum-selection clause." <u>Id.</u>

In its Response to the Objections, Plaintiff argues that the Credit Agreement and its enforcement were never litigated in the Connecticut actions.  <u>See</u> Response to Objections at 7-9.  As such, Plaintiff maintains that it has not substantially invoked the litigation process in Connecticut with respect to the Credit Agreement, and therefore, has not waived the

forum-selection clause.  See Response to the Objections at 5-9.  In addition, Plaintiff contends that Defendants were not prejudiced with respect to this action by the litigation in Connecticut because "none of the Connecticut litigation had anything to do with the Credit Agreement." Id. at 6-7.  Finally, Plaintiff asserts that the Magistrate Judge properly weighed the § 1404(a) and forum non conveniens factors such that this Court should overrule Defendants' objections, adopt the Magistrate Judge's recommendation, and deny Defendant's Motion.  See id. at 9-13.

## IV.  Applicable Law

### A.  Forum Non Conveniens

First, the Court finds that the principle of forum non conveniens is inapplicable under the circumstances of this case.  "Forum non conveniens is an ancient common law doctrine that permits a court to decline jurisdiction over a case, even if personal jurisdiction and venue are otherwise proper, when there is a more convenient forum for the case to be litigated." Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1302 n.4 (11th Cir. 2002).  In diversity actions, district courts apply federal law governing forum non conveniens.  See id. at 1315.  Before 28 U.S.C. § 1404 was enacted, federal courts used the doctrine of forum non conveniens to dismiss actions that properly could have been brought in another United States District Court.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 512 (1947) (approving application of forum non conveniens to dismiss a diversity action filed in the Southern District of New York, where venue was proper, because a Virginia state or federal court would have provided a more convenient forum for the action).  However, "[s]uch a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): 'For the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'"[2] Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994) (quoting 28 U.S.C. § 1404(a)).  Indeed, section 1404(a) gives district courts "'more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens.'"  Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981)).  Thus, "[t]he common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best."  Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007) (quoting Am. Dredging, 510 U.S. at 449 n.2) (alteration in Sinochem).  As such, because Defendants assert that the federal court in Connecticut would provide a more convenient forum for this action, Defendants' request that this action be dismissed under the doctrine of forum non conveniens is misplaced.[3]

**B.    28 U.S.C. § 1404(a)**

In considering whether to transfer a case pursuant to § 1404(a), the district court must engage in a two-step inquiry.  See Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000); Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).  The court must first determine, as a threshold matter, whether the case might have been filed in the proposed district, or whether all parties have consented

---

[2]    Section 1404 was recently amended.  The current version of the statute permits a district court to transfer an action to any district or division "where it might have been brought" or "to which all parties have consented."  28 U.S.C. § 1404(a) (2011).

[3]    For the above reasons, the Court declines to adopt the portion of the Report which analyzes whether dismissal is appropriate under the doctrine of forum non conveniens.  See Report at 12-14.

to suit in that district.  See Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., No. 8:06-CV-1746-T-27MAP, 2006 WL 3333718, at *1 (M.D. Fla. Nov. 16, 2006); see also Colo. Boxed Beef Co. v. Coggins, No. 8:07-cv-00223-T-24MAP, 2007 WL 917302, at *3 (M.D. Fla. Mar. 23, 2007); 28 U.S.C. § 1404(a) (2011).  Next, the court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Eye Care Int'l, Inc., 119 F. Supp. 2d at 1318; see also Bookworld Trade, Inc., 2006 WL 3333718, at *1.  In doing so, the court evaluates a number of factors.[4]  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Colo. Boxed Beef Co., 2007 WL 917302, at *3 (detailing the factors to be considered in determining whether a transfer is appropriate under § 1404(a)) (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). Under § 1404(a), a trial court has broad discretion in determining whether a transfer is appropriate.  See Stewart Org., Inc., 487 U.S. at 29; Am. Aircraft Sales Int'l, Inc. v. Airwarsaw Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

It is the movant's burden to establish that a case should be transferred to the suggested forum in the interests of convenience and justice.  See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("[T]he burden is on the movant to establish that the

---

[4]     These factors include the following:

"(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances."

Colo. Boxed Beef Co., 2007 WL 917302, at *3 (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

suggested forum is more convenient."); Colo. Boxed Beef Co., 2007 WL 917302, at *3. Moreover, "[i]n determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum.   Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (internal citations omitted); see also In re Ricoh Corp., 870 F.2d at 573 ("[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference."); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").

        In addition to the factors enumerated above, the Court also considers whether there is a valid and enforceable forum-selection clause.  Indeed, a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (quoting Stewart Org., Inc., 487 U.S. at 29); id. at 33 (Kennedy, J., concurring) (opining that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases"); In re Ricoh Corp., 870 F.2d at 573.  Additionally, forum-selection clauses are to be construed broadly.  See Gen. Pump & Well, Inc. v. Laibe Supply Corp., No. CV607-30, 2007 WL 4592103, at *3 (S.D. Ga. Dec. 28, 2007) (citing Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc), aff'd and remanded on other grounds, 487 U.S. 22 (1988)); see also Digital Envoy, Inc. v. Google, Inc., 319 F. Supp. 2d 1377, 1380-81 (N.D. Ga. 2004).

To determine whether a forum-selection clause is valid, a court will apply traditional rules governing the enforcement of contracts.  See P & S Bus. Machs., Inc., 331 F.3d at 807.  Validity turns on whether the clause was "freely and fairly negotiated by experienced business professionals and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause." Id. (citing In re Ricoh Corp., 870 F.2d at 573-74) (internal quotations omitted).  Nonetheless, a valid and enforceable forum-selection clause is not dispositive, and in certain exceptional circumstances when the opposing party has satisfied its burden to show "that the contractual forum is sufficiently inconvenient to justify retention of the dispute," the Court may decline to enforce the agreement.  P & S Bus. Machs., Inc., 331 F.3d at 807; Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009) (requiring a "strong showing" that enforcement would be unfair or unreasonable to override the presumptive validity of forum-selection clauses); Gen. Pump & Well, Inc., 2007 WL 4592103, at *4 (citing In re Ricoh Corp., 870 F.2d at 573); Performance Paint Yacht Refinishing, Inc. v. Haines, 190 F.R.D. 699, 700 (S.D. Fla. 1999).  However, "'while other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.'" P & S Bus. Machs., Inc., 331 F.3d at 807 (quoting In re Ricoh Corp., 870 F.2d at 573)).

9

## V.      Discussion

### A.      Viable Alternative Venue

First, the Court considers the threshold matter of whether this action could have been filed in the proposed district, the United States District Court for the District of Connecticut.[5] Bookworld Trade, Inc., 2006 WL 3333718, at *1.  "A civil action may be brought in– (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ."  28 U.S.C. § 1391(b).  Here, Defendants Jason Blakeslee, Jennifer Blakeslee, and Blakeslee Premium Pellets all reside in Connecticut.  See Amended Complaint at 2; see also 28 U.S.C. § 1391(c)(1)-(2).  Accordingly, Plaintiff could have filed this diversity action in the United States District Court for the District of Connecticut.

### B.      Forum-Selection Clause

Here, the Credit Agreement contains a valid forum-selection clause which requires that any lawsuit for non-payment of charges be litigated in the state or federal courts located in Duval County, Florida.[6]  See Amended Complaint, Ex. A at 2.  Accordingly, Plaintiff complied with the mandatory terms of the forum-selection clause by filing the instant lawsuit in this Court.  Nonetheless, Defendants request that the Court transfer this action to

---

[5]      Nothing in the record, or the parties' papers, suggests that Plaintiff consented to suit in the proposed district, thus, the Court limits its analysis as to the alternative venue to the question of whether suit could have been filed in Connecticut.

[6]      Defendants do not argue that the there was any "fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause," or that the clause was not otherwise "freely and fairly negotiated by experienced business professionals."  See P & S Bus. Machs., Inc., 331 F.3d at 807; In re Ricoh, Corp., 870 F.2d at 573-74.  Accordingly, in the absence of any evidence to the contrary, the Court finds that the forum-selection clause is valid.

Connecticut and, in support, argue that Plaintiff waived its right to enforce the forum provision by previously filing related litigation in Connecticut.  As noted by the Magistrate Judge,  Defendants failed to include any legal authority to support this waiver argument in the Motion, see Motion at 5; Report at 9-10, however, Defendants now cite to relevant authority in the Objections.  See Objections at 2-4.

Defendants assert that forum-selection clauses are analogous to arbitration agreements such that the same standard used to determine the waiver of an arbitration provision also applies in the context of a forum-selection clause.  See Objections at 2.  Thus, Defendants argue that a forum-selection clause is waived, as in the arbitration context, when the party seeking to enforce its rights "'substantially invokes the judicial process to the detriment or prejudice of the other party.'"  See Objections at 2 (quoting Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990)).  Specifically, "[t]o determine whether a party has waived its contractual right to arbitrate, courts apply a two-part test: First, [they] decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second [they] look to see whether, by doing so, that party has in some way prejudiced the other party." Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 (11th Cir. 2011) (alterations in original) (internal quotation omitted).  Defendants and Plaintiff both agree that this is the appropriate test for determining waiver in these circumstances.  See Objections at 4; Response to Objections at 4-5.  Accordingly, the Court will apply the

11

foregoing analysis to determine whether Plaintiff waived its right to enforce the forum-selection clause.[7]

First, the Court considers whether, under the totality of the circumstances, Plaintiff has acted "inconsistently" with its right to enforce the forum-selection clause. Krinsk, 654 F.3d at 1200. Defendants argue that Plaintiff's "substantial invocation of the litigation process in Connecticut clearly demonstrated its intention to abandon its right to enforce the forum-selection clause." See Objections at 1. Specifically, Defendants maintain that

> [Plaintiff] was well-aware of its forum-selection provision in the Credit Application when it filed suit in 2009 in Connecticut and obtained a Connecticut judgment against Connecticut residents based on breach of the Credit Application. [Plaintiff] then filed a second action in Connecticut in 2011 on the same claim/transaction/Credit Application. In the second lawsuit, the merits of its breach of contract claim under the Credit Agreement was the topic of affidavits and depositions, and was specifically cited by Judge Underhill in his final Order granting summary judgment.

Objections at 4. However, Defendants' arguments are not supported by the record in the Connecticut litigation. Contrary to Defendants' assertion, Plaintiff has not obtained a

_____

[7] The parties do not cite, and independent research did not uncover, any case where the Eleventh Circuit addresses what standard applies to determine whether a party waived its right to enforce a forum-selection clause. Nonetheless, as both the Supreme Court and the Eleventh Circuit instruct that forum-selection clauses are analogous to arbitration provisions, and because the parties agree that the arbitration waiver test is the applicable standard, the Court considers it appropriate to apply the aforementioned standard in this case. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause . . . ."); Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1342 n.7 (11th Cir. 2012) (stating that the same equitable estoppel analysis used in the context of an arbitration clause applies in a case with a forum-selection clause because "[a]rbitration clauses are similar to forum-selection clauses"). The Court notes that courts in other circuits have applied a similar standard in addressing the waiver of a forum-selection clause. See McCoy v. Gamesa Tech. Corp., Inc., No. 11 C 592, 2012 WL 245162, at *2 (N.D. Ill. Jan. 26, 2012); Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC, 690 F. Supp. 2d 311, 328 (S.D.N.Y. 2010); Estate of Popovich v. Sony Music Entm't, No. 1:11 CV 2052, 2012 WL 892531, at *2 (N.D. Ohio Mar. 14, 2012). In addition, although the Court finds it appropriate to apply federal law to determine whether waiver applies, see P & S Bus. Machs., Inc., 331 F.3d at 807 (citing Stewart Org., Inc., 487 U.S. at 28-29), the Court would reach the same result applying traditional waiver principles under Florida law. See Carnival Corp. v. Booth, 946 So. 2d 1112, 1114-16 (Fla. 3d Dist. Ct. App. 2006) ("'Waiver' is defined 'as the voluntary and intentional relinquishment of a known right.'" (quoting Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005))).

12

judgment on its breach of contract claim.  In the 2009 Action, Plaintiff asserted a claim for

unpaid freight charges, pursuant to 49 U.S.C. § 11101, against BGI, an entity that is not a

party to the instant lawsuit.  See Motion, Ex. 1.  After obtaining a default judgment against

BGI, Plaintiff then sought to collect on this judgment from the Blakeslees by bringing an

action to pierce the corporate veil.  See Motion, Ex. 4.  Although Plaintiff initially included a

breach of contract claim against Defendants in the 2011 Action, prior to the filing of any

responsive pleading, Plaintiff amended its complaint to drop the breach of contract cause

of action and remove the Partnership as a defendant.  See Report at 3; see also CSX

Transp., Inc. v. Blakeslee, No. 3:11-cv-533, slip op. at 5-6 (D. Conn. Sept. 11, 2012) (order

on summary judgment motions).

Thus, neither the 2009 Action nor the 2011 Action addressed whether the Partnership

and/or the Blakeslees are liable to Plaintiff for a breach of the Credit Agreement.  Indeed,

in the Ruling and Order granting default judgment in the 2009 Action the court finds that BGI

is liable to Plaintiff for the freight charges without mentioning the Credit Agreement at all.

See Response, Ex. A.  In addition, although the summary judgment order entered in the

2011 Action discusses the Credit Agreement, the court's ultimate holding is simply that

because Plaintiff failed to present "any evidence that the Blakeslees used BGI to defraud,

the veil-piercing claim fails as a matter of law."  See CSX Transp., Inc. v. Blakeslee, No.

3:11-cv-533, slip op. at 11-13 (D. Conn. Sept. 11, 2012).  As such, the undersigned agrees

with the Magistrate Judge that "the merits of any breach of contract as to the Credit

Agreement [have] yet to be considered by a court."  See Report at 10.  Therefore, the Court

finds that Plaintiff has not demonstrated an intent to abandon the forum-selection clause

because it did not "substantially invoke the litigation process" in Connecticut to enforce its rights under the Credit Agreement.[8]  Accordingly, the Court determines that Plaintiff did not waive its right to enforce the forum-selection clause.[9]

### C.   Fairness and Convenience Factors

Next, the Court considers the remaining § 1404(a) factors to determine whether this, the contractual forum, is "sufficiently inconvenient" to warrant transfer of the case to Connecticut, despite the valid forum-selection clause.  See In re Ricoh Corp., 870 F.2d at 573.  Although "'the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors,'" it is, at least, "conceivable."  See P & S Bus. Machs., Inc., 331 F.3d at 807 (alteration in original) (quoting In re Ricoh Corp., 870 F.2d at 573)).  Notably, as Plaintiff filed this action in a venue which complies with the Credit Agreement, Defendants must show that litigating in this Court would be so unfair or inconvenient that such considerations outweigh not only the "significant" weight given to the contractual forum, but also the "considerable deference" given to Plaintiff's choice of forum.  Cf. In re Ricoh Corp., 870 F.2d at 573 (instructing that courts should not give deference to a plaintiff's choice of forum when it is different than the contractually agreed to forum).

Defendants argue that litigating this case in Florida will require a "huge expense and inconvenience."  See Objections at 7.  Specifically, Defendants contend that they, and their

---

[8] As the Court concludes that Plaintiff's actions were not inconsistent with its right to litigate a breach of the Credit Agreement in this forum, the Court does not reach the issue of whether Defendants were prejudiced by those actions.

[9] The Court notes that Defendants also move to dismiss this case under 28 U.S.C. § 1406(a) for improper venue.  See Motion at 5.  The Court agrees with the Magistrate Judge that the forum-selection clause is valid and enforceable, as set forth above, and therefore, this request is due to be denied.

witnesses, reside in Connecticut, that almost all of Plaintiff's witnesses are in Connecticut, that counsel for both parties are located in or near Connecticut, and that the goods at issue in the Credit Agreement are located in Connecticut. Id. However, "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." P & S Bus. Machs., Inc., 331 F.3d at 807. Moreover, because Defendants contractually committed themselves to the mandatory forum-selection clause, the Court finds that the inconvenience to Defendants themselves does not weigh heavily in favor of transfer to Connecticut. See Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman, 878 F. Supp. 2d 1274, 1286 (S.D. Fla. 2012); Crystal Entm't & Filmworks, Inc. v. Jurado, No. 08-60125-CIV, 2008 WL 4980345, at *2 (S.D. Fla. Nov. 20, 2008) (citing Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 n.7 (3d Cir. 1973)). With respect to the location of the witnesses, Defendants do not identify who these witnesses are, whether they are employees of Plaintiff or Defendants, their anticipated testimony and its importance to this case, or whether they are non-party witnesses who would be unwilling to travel to Florida. See The Connecticut Indem. Co. v. Palivoda, No. 8:04CV1044T-24MSS, 2004 WL 3661069, at *6 (M.D. Fla. Aug. 24, 2004); Trafalgar Capital Specialized Inv. Fund, 878 F. Supp. 2d at 1287-88. As such, Defendants' general reliance on the location of unidentified witnesses is not persuasive. The Connecticut Indem. Co., 2004 WL 3661069, at *6. In addition, while the location of the allegedly damaged goods may weigh in favor of the Connecticut forum, this one factor is simply not enough to satisfy Defendants' heavy burden. Indeed, although flying Florida experts to Connecticut to examine the goods, or flying Connecticut experts to Florida to testify, may increase the cost

of litigation, as this Court previously noted, financial difficulty is not a sufficient ground for refusing to enforce a forum-selection clause.  See Trafalgar Capital Specialized Inv. Fund, 878 F. Supp. 2d at 1289 (citing P & S Bus. Machs., Inc., 331 F.3d at 807).

Finally, Defendants contend that enforcing the forum-selection clause in this action would be "unreasonable under the circumstances" because Plaintiff has previously filed lawsuits against the Blakeslees in Connecticut.  See Objections at 7.  However, as discussed above, those lawsuits were not premised on the Credit Agreement which includes a mandatory forum-selection provision.  See supra Part V.B.  As Plaintiff now seeks to enforce its contractual rights against Defendants, Plaintiff has filed this lawsuit in the venue required by the parties' Agreement.  The choice of Duval County, Florida as the contractual forum was not unreasonable given that Plaintiff's principal place of business is located here. See P & S Bus. Machs., Inc., 331 F.3d at 808; In re Ricoh Corp., 870 F.2d at 573; Amended Complaint at 1.  Regardless, Defendants' argument that they are inconvenienced by litigating this case in Florida, because litigation related to this matter previously occurred in Connecticut, is not sufficient to satisfy the "heavy burden" of unreasonableness.  Sure Fill & Seal, Inc. v. Platinum Packaging Grp., Inc., No. 8:10-cv-316-T-17TBM, 2010 WL 4342117, at *4 (M.D. Fla. Oct. 8, 2010) ("[M]ere inconvenience is not enough.").  Indeed,

> "it is incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes by deprived of his day in court.  Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain."

Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972)).  Defendants do not assert, and the Court finds no basis to conclude, that Defendants would be deprived of

their day in court should this action proceed in Florida.  In sum, Defendants fail to show that this is "the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper."[10]  P & S Bus. Machs., Inc., 331 F.3d at 807; In re Ricoh Corp., 870 F.2d at 573; Bovie Med. Corp. v. Livneh, No. 8:10-cv-1527-T-24EAJ, 2010 WL 5297172, at *7 (M.D. Fla. Dec. 20, 2010) (declining to transfer case to forum where many of the potential witnesses were located because parties were subject to a mandatory forum-selection clause); Sure Fill & Seal, Inc., 2010 WL 4342117, at *3-4 ("While consideration of convenience would appear to favor Defendants, there is no showing why the expressed preference of the parties [in the forum-selection clause] should not be recognized and honored by this court.").  Accordingly, the Court will enforce the forum-selection clause contractually agreed to by the parties and deny Defendants' request that the Court transfer this action to Connecticut.[11]  As such, Defendants' Objections are due to be overruled, and the Court will adopt the Magistrate Judge's recommended resolution.  In light of the foregoing, it is

---

[10] Defendants contend that "[a]n important public interest that is not adequately considered is the fact that this Court probably has no personal jurisdiction over Defendant Jennifer Blakeslee."  Objections at 7. However, "[i]t is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over [her] person by not objecting to it in a responsive pleading or a [Rule 12] motion."  Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004); Rule 12(g)-(h).  Significantly, Defendants did not raise this argument in the Motion.  See generally Motion.  Thus, because Defendants' Motion "clearly raised only venue, and not personal jurisdiction," it appears that Jennifer Blakeslee waived any objection to the Court's jurisdiction over her person.  See Palmer, 376 F.3d at 1259; see Motion at 1.

[11] Defendants alternatively request that "the [C]ourt allow filing of affidavits or conduct an evidentiary hearing as to the private factors to be considered on the issue of forum non conveniens under 28 U.S.C. § 1404(a)."  Objections at 8.  Defendants do not explain why they failed to submit any affidavits or evidence in support of their Motion at the outset, and this belated request is due to be denied.  Moreover, as the Court previously noted, the principle of forum non conveniens is not applicable under the circumstances of this case. See supra Part IV.A.

**ORDERED:**

1.      Defendants' Objections to Report and Recommendation as to Motion to Dismiss for Improper Venue and Forum Non Conveniens (Doc. 22) are **OVERRULED.**

2.      The Court adopts the resolution recommended in the Report and Recommendation (Doc. 21) pursuant to the modified analysis set forth above.

3.      Defendants' Motion to Dismiss for Improper Venue and Forum Non Conveniens or Alternatively to Transfer or Stay (Doc. 10) is **DENIED.**

4.      Defendants shall respond to the Amended Complaint (Doc. 6) in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of March, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Hon. Thomas E. Morris
Counsel of Record